Good morning, may it please the court. My name is Katie Winnbauer and I represent the appellant Lekemia Caster Mr. Caster was convicted on a federal drug conspiracy charge where drug quantity was an essential element of the offense this court needs to look no further than the change of plea hearing to determine that a reversible error occurred as The court will recall the factual basis in the plea agreement in this matter set forth a rather than what hearing the change of plea? hearing your honor What I want to focus on is the plea agreement and the change of plea hearing and so within the plea agreement at paragraph 6 there was a recitation of the indictment language as the factual basis to this plea Right under that recitation was a specific reservation of Mr. Caster's right to object to portions of the factual basis that he was not responsible for or were not reasonably foreseeable to him At the change of plea hearing the court was therefore on notice that the facts constituting the crime were not agreed to by mr. Caster and so in both the ambiguity in the plea agreement and under the requirements of rule 11 The district court needed to do more to determine what exactly mr. Caster was pleading guilty to what his conduct was that constituted the crime What do you make though of and I think this is probably your biggest problem is the district? There was an objection on the quantity it appears, but then the district court said you know Essentially is this really a sentencing issue or is this is this a plea issue and counsel said oh, it's a sentencing issue We can wait for the PSR. It's almost like a waiver at that point of The factual basis for the plea it's almost as if he's saying let's just do that and in sentencing Let's not do it now, so I wonder We're at least in plain air land I would think But I wonder if this is just outright waiver where the district court didn't have a chance to fix it because counsel said oh no No, we're good on that. Let's do something else Well your honor. I certainly recognize that the admission of counsel is an issue here But I think there's bigger problems than just that and so under rule 11 the district court is under an obligation to determine that the defendant Understands and agrees that he's pleading guilty to the crime and so the fact that The drug quantity is an essential element that the defendant needs to acknowledge The fact that his attorney said yes, the factual basis is met will argue this at sentencing I don't think that's sufficient for purposes of accepting a guilty plea right then and there wasn't the quantity though in the plea agreement It's just that he he kind of disagreed with it or you know and so we've got the we've got an adequate Factual basis then counsel says no no we're good on that. Let's deal with that later I don't know. I did that seems very unfair to the district court, so I think there was some confusion here because within the factual basis Or within the the recitation of the superseding indictment there were references to three separate drug quantities the first was 750 grams of methamphetamine with one particular co-defendant the next was 650 grams with my client and another co-defendant and another was 17 grams Specifically attributable to my client and at the change of plea hearing My client's attorney objected to both the 750 grams and the 650 grams Therefore the only unobjected to drug quantity was 17 grams and of course within the context of this charge He needed to plead guilty to 500 grams or more And so what I what I think needed to happen was the district court needed to stop and say You know think to itself are the essential elements of this crime agreed to and they were not at that change of plea hearing Issue our best course for your court case for your proposition that when quantity is is is When the charge includes some increased punishment because of quantity that that becomes an element that has to be specifically covered at the change of plea hearing Well your honor it's a United States Supreme Court decision a lien I believe is how it said that when the drug quantity enhances a penalty It is an element that must be proven And so if my client would have taken this case to trial that didn't involve a change of plea hearing, right? No, no But because it's an element that must be proven for the crime at the change of plea hearing the district court under Rule 11 is required to determine That do you have a case? which Validates what you're arguing? I understand the basis for it Your honor. I don't have a specific case in the circuit that references this particular situation I did cite to a Second Circuit case. I believe it's United States versus Adam where Something similar happened and the court said because the plea was not sufficient at the change of plea hearing There was error and so any subsequent waiver It did not matter You're welcome and within the within the Eighth Circuit, I think it's important to note that a lot of cases that pertain to change of plea hearings There is a colloquy between the district court and the defendant as to what the conduct is And in this case, the only colloquy is a series of yes-or-no questions where the district court is asking. Mr. Castor The very general Questions that are a yes-or-no answer. He never asked. Mr. Castor What conduct he engaged in how what the drug quantity was who he was involved with? these are all questions that would establish the factual basis and The series of events that took place after the change of plea hearing in the three years that took place between the change of plea and sentencing Demonstrate that. Mr. Castor did not want to admit to that drug quantity He continuously I just want to pin this down to the district court specifically asked for example You know, there's a quantity that that the government says you have do you you know? Do you agree that you had that particular quantity a general question about the quantity or is it completely? No, your honor. It is completely silent The only indication of drug quantity is the fact that the charge involves 500 or more grams the court never inquires as to What is the drug quantity? Mr. Castor? What are you taking responsibility for had that happened? I don't think we'd be here because it would have become clear that my client would have said well just the 17 grams That's in the indictment and then the court would have said well, that's not that's not this charge. I can't accept a guilty plea The court could have deferred acceptance of a guilty plea for the parties to come to some sort of agreement on how my clients conduct Constituted the crime or otherwise my client would have just gone back to his original position of proceeding to trial the government's in its original position of proving the crime beyond a reasonable doubt and so The insufficiencies that happened within the plea agreement being vague. Do you want to try you want a trial now? Yes, your honor. We're asking that his plea be be vacated and that it be sent back for a new trial There wasn't a trial he pled guilty He did but it was insufficient. He did he did not enter a knowing involuntary plea. So your honor I see I'm getting into my rebuttal time. I'd like to not knowing it. I'd say it was knowing involuntary. It may not have adequately Explored this question. I Don't think it was knowing involuntary if it was otherwise knowing involuntary Seems to me a trial years later is an outrageous result. Oh Well, your honor, I would counter that Entering a plea to a charge that he has not admitted to is Insufficient and he has certain rights that need to be upheld with the safeguards That you know rule 11 and constitutional provisions give him Your honor respectfully he did not admit to over 500 grams in the plea agreement He he reserved the right to object to those facts. And so there was no agreement. There's no meeting of the minds Is it miscarriage of justice that you're relying on that that exception II hear you now saying knowing involuntary? I want to know exactly what you're arguing though. Well, your honor. I'm Because of the plea agreements language there was no real agreement. I think the appeal waiver should be disregarded on those grounds To the extent the appeal waiver is valid Then I do think it's a miscarriage of justice to enforce it based on this pleading Insufficient and should have never gone forward from the change of plea hearing so I would like to reserve the remainder of my time Thank you Mr. Rafferty Morning your honors and may it please the court. My name is David Rafferty. I represent the United States in this matter Your honor's review of mr. Castor's case should start and end with the appeal waiver Castor pleaded guilty to this drug conspiracy under a plea agreement It clearly laid out that he was waiving a broad swath of appeal rights upon pleading guilty Among those he waived the right to appeal all non-jurisdictional issues and now in this appeal the substantive issues of mr Castor raises are just such they are non-jurisdictional So you're saying drug quantity would be one of those? Yes, I am saying that your honor I believe that if this court looked to the record, it would see that the appeal waiver was knowing involuntary He was advised to the appeal waiver on the record under the proper rule 11 colloquy He said he understood the question. Was it a proper colloquy? I believe you're begging all of you're begging all the questions So you can just say I win. No, your honor. Actually, I'm relying on the record I don't think of this court reads the record of the change of plea this court the district court Did a more than sufficient rule 11 colloquy with the defendant? But you gotta admit that the actual colloquy itself Council said hey, I think we have a problem with the quantity here And so and so opposing counsel's argument is it wasn't perfect it, you know instead of I mean I understand that there's the this the back-and-forth from earlier. I get that But at least the the council did raise there's a problem with the quantity There's some disagreement there and what do we do with that? And I think the district court attempted to clarify that though when the district court said essentially What are you objecting to and that's when opposing counsel said essentially they agree there's a sufficient factual basis and it's a sentencing issue and This is not a case where I believe we need to read the tea leaves about what the district courts thought Because if we move forward to when mr Castor made the motion withdraw his plea the district court laid out very clearly in its order denying that motion how it Interpreted the objection in the moment and the objection was essentially interpreted as Castor beginning his mitigation argument for sentencing by saying I don't want to be saddled with any higher drug quantities And I knew about and obviously his attorney said I don't know anything about this guy Crespo pastor because apparently Castor didn't know that guy but Castor never denied. He knew Martinez. He never denied He drove him to Minneapolis to pick up methamphetamine Castor never Denied the fact that there were actually more than 500 grams of methamphetamine as part of the conspiracy But but my understanding is that the guy who he sold 17 grams with? So she says the only ones the only one he really knew her or admitted to was the 17 grams not the 500 and the 700 I'm I'm messing up the the quantity but you heard what counsel said I did hear what counsel said and I think that the Court needs to just look to the exact language that the court that the district court was faced with from the objection that day The objection was a little bit mushy that day It didn't specifically say my client is objecting to there being 672 grams in the car and my client is objecting to knowing anything about this conspiracy Because I don't think he could say that in the moment. He didn't know it was a conspiracy He didn't know that the the co-defendant that he drove to Minneapolis was a drug dealer It was a second trip to Minneapolis with him I think all he's saying is I don't want to be saddled with a higher drug quantity than what I need to satisfy the offense Well, let me let me that may be but let me ask you Do you does the government think that's a waiver when you win the when the and that's what I'm struggling with which is When you have when you have an objection and then the district court says what's the nature of that objection and he's oh, yeah And they kind of discuss it a little bit. Oh, yeah, that's really about sentencing. That's about the PSR, etc, etc Do you think that waives the validity of the plea or the factual basis for the plea because you had an opportunity to raise that At that point so we actually have a huge problem with the plea your honor And and I think we need to deal with that right now, but it's no no, that's not really a problem now I would agree that it could be considered a waiver here your honor because there is definitive action on the part of Defense Council to essentially back away You agreed with something. The question was does is the government arguing waiver? I don't specifically argue it as waiver I invited I argue it as invited error your honor That's a different argument. Yes way. I read your brief. That's correct But now the argument is what is wandering into waiver and they're not they're very similar, of course, but they are different Different Standards or inquiries. I believe the government would win under either either standard though because I do think the important thing is the Affirmative action that Defense Council took in the moment to tell the district court that they're not making a blanket objection to that element And that's where I think that it was imperative upon Defense Council if they really were objecting to the drug Quantity element they needed to put the district court on notice that they are objecting to that element And then I think at that point this this hearing should have gone very differently But that's just not what happened under this record Your honor I would encourage the court as well in reviewing this issue I I think defense appellants approach here that this should be evaluated only under the change of plea hearing I believe is too narrow an approach for this case I think what really needs to happen is the entire record needs to be reviewed and I think the reason that appellant doesn't want the sentencing hearing to be reviewed or anything past the change of plea to be reviewed Is because it really puts all doubts to rest as to whether or not? Mr. Castor wanted to be sentenced on this crime and whether or not he wanted his plea to be honored by the court As we get closer to sentencing, I think it's very telling that in the PSR The PSR contains a very thorough recitation of facts Which includes all of the overt acts that were listed in the plea agreement and it does include the drug quantities and the co-defendants That mr. Castor previously raised an objection to at the change of plea hearing There were no objections to the PSR that were submitted either in writing prior to the Publication of the PSR and then there were no objections on the record raised at the sentencing hearing There were no objections to anything raised with the sentencing hearing despite the fact mr. Castor gave a very lengthy allocution He did make some objections to some other issues that I think had more to do with his criminal history score Than with any of the elements of the offense, but he was very active during the sentencing hearing and he didn't raise any objection at that time So I would encourage the court to consider this record in total consider everything all the way up through sentencing and I think in that Case it is very clear that there was no error in this record and mr. Castor's conviction should stand and as a final note, I would just note on the motion to withdraw We do believe the district court did not abuse its discretion. I would encourage the court again to just read that order. I believe it's Document 133 especially at paragraph 5. I think the court should pay careful attention to how the district court interpreted Mr. Castor's objection from the change of plea hearing I think the district court's interpretation of the objection was reasonable based on the circumstances and that should be followed by this court and there was No abuse of discretion and denying that motion to withdraw the guilty plea If the court has no further questions, thank you for your time Thank you, I want to just first talk about the objection language in the change of plea hearing transcript Which is in the addendum and in the record on page 19 of that transcript He the defense counsel specifically says my client would also like me to object to the drugs with respect to Martinez To the extent only that we're talking about quantity There's a very specific objection to drug quantity because that's an element of the offense I do not think it is sufficient for counsel for for this to be taken as a waiver on Counsel's statements under rule 11 The district court is still required to find that the defendant understands the nature of the charges on this record At the point of the change of plea hearing there can be no indication that mr Castor was agreeing to any facts He makes no statement about factual conduct or what he engaged in and so for only taking counsel's statement That's insufficient for other reasons within rule 11 that the defendant needs to make some statements as to what he engaged in his Interchange with the judge with the judge asking him what he understood and if he understood what he was pleading guilty to Your honor those those yes or no questions I believe are insufficient because they don't get to the actual conduct they get to the fact that did you? Did you enter into this plea agreement? Did you discuss the charge with your attorney? What's your best case for that proposition? Well, your honor, I believe that I Would say Cheney I would say the Eighth Circuit case Cheney where you have counsel It's the Holland defendant in that case. You have counsel who is saying the factual basis is sufficient in that case as well but there is some colloquy between the court and the defendant as to what his conduct was and then That was found to be sufficient because you had both here We do not have that colloquy on what on what the evidence or what the conduct is. Thank you your honors Thank you